NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CANDACE ATALANTA TROY, | : | |
| | : | |
| Plaintiff, | : | Hon. Dennis M. Cavanaugh |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | Civil Action No: 10-cv-6827 (DMC) |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the appeal of Candace Atalanta Troy ("Plaintiff") from the final decision of the Commissioner of Social Security ("Commissioner"), denying Plaintiff's claims for a period of disability and disability insurance benefits under Title II and her application for supplemental security income under Title XVI of the Social Security Act ("Act").

**I. BACKGROUND**

    **A. PROCEDURAL HISTORY**

Plaintiff filed a Title II claim on December 10, 2007 claiming disability from the alleged onset date of March 15, 1991 to December 31, 1996. (Tr. 119-21). Plaintiff's claim was initially denied on January 24, 2008. (Ex. 3B). Plaintiff filed for reconsideration on February 11, 2008,

which was denied on September 23, 2008. (Ex. 5B). On October 7, 2008, Plaintiff filed a request for a hearing before an Administrative Law Judge. Plaintiff and counsel appeared before Administrative Law Judge Richard DeSteno (hereinafter, "ALJ DeSteno," alternatively the "ALJ.") (Tr. 19:52). On February 23, 2010, Plaintiff and counsel were heard before ALJ DeSteno. (Tr. 10:14). ALJ DeSteno denied Plaintiff disability benefits on March 11, 2010 (hereinafter the "Opinion"). (R.1). Plaintiff then filed with the Appeals Council. Plaintiff was denied review on October 25, 2010 (P. Mot. to Remand 1). Plaintiff filed suit in this Court in December 10, 2010. Plaintiff filed a motion to remand this matter pursuant to sentence six of 42 U.S.C. § 405(g) on July 25, 2011. (Ex. 15). On October 24, 2011, Defendant filed a brief in support of remand pursuant to sentence four of 42 U.S.C. § 405(g).

## B. ALJ'S FINDINGS

On March 11, 2010, ALJ DeSteno issued a decision that Plaintiff was not entitled to disability insurance because Plaintiff was not disabled from March 15, 1991, the alleged onset date, through December 31, 1996, the date last insured. (Op. at 5). The ALJ also found that Plaintiff did not engage in "substantial gainful activity" during the period from the alleged onset date through the date last insured. (Op. at 3). ALJ DeSteno found that Plaintiff did suffer from depression and personality disorder. However, these impairments did not meet or equal any of the impairments listed in 20 C.F.R., Part 404, Subpart P, App. 1. ALJ DeSteno acknowledged that Plaintiff had previously been found disabled from 1976 to 1981. (Op. at 4). He noted this was "ten years prior to the alleged onset date in the instant case." Id. ALJ DeSteno determined that Plaintiff's condition from March 15,1991 to December 31, 1996 involved a "mild restriction in activities of daily living, mild difficulties in maintaining social functioning, mild difficulties

in maintaining concentration, persistence of pace and no episodes of decompensation of extended duration." Id. ALJ DeSteno indicated that the medical record evidence consisted solely of treatment notes which, by his measure, could be characterized as "spotty and general notes." (Op. at 5). The application before ALJ DeSteno was for retroactive benefits. The ALJ concluded that the claimant was not eligible for disability insurance for the period between the alleged onset date of March 15, 1991 and December 31, 1996 because the "minimal" medical evidence did not "substantiate the existence of a medically determinable severe impairment." (Op. at 5). ALJ DeSteno also indicated that Plaintiff is currently on social security income insurance, and has been since March 2006.

### C. SUMMARY OF PLAINTIFF'S TESTIMONY

Plaintiff is a fifty-five year old female and a high school graduate. Plaintiff alleges that, since childhood, she has suffered with severe paranoia and panic attacks and hears voices. (Tr. 11:14-18). Plaintiff alleges that she was under psychiatric care as a young adult, and was placed on Social Security Benefits from 1976 to 1982. (Tr. 12:5-10; 12:25-16:4). Plaintiff lived with her parents until her last parent passed away in 1991. (Tr. 15:10-11). In the years prior to 1991, Plaintiff alleges that her mother helped manage her condition, by "mak[ing] sure [she] was going to see the doctor and taking medication." (Tr. 17:18-19). Plaintiff alleges that in 1991, her mother became ill and passed away, and that she did not have "anybody to help [her] anymore . . . [she] just wasn't able to function anymore after [her] mother died." (Tr. 17:21-18:4). After her mother passed away, Plaintiff continued to live in her parents home. (Tr. 18:1-11). Plaintiff testified that she simply lived in the house and spent her inheritance. (Tr. 1:11- 15).

3

From 1991 to 2001, Plaintiff alleged that she was under the psychiatric care of Dr. Hoffmeister at St. George Behavioral Care Center in Rahway, New Jersey. Plaintiff alleges that because she had no medical insurance, she "went to see him . . . as much as [she] could afford." (Tr. 21:24-22:1). She states that she would see Dr. Hoffmeister when she ran out of medication. (Tr. 1:15).

### D. Plaintiff's Medical History Summary

Plaintiff alleges that since childhood, she has suffered with severe psychological issues. (Tr. 11:14-18). At the age of seventeen, she was hospitalized and diagnosed with psychosis. (Pl.'s Rep. Br. 1:10-11). From 1991 to 2001, Dr. Hoffmeister at St. George Behavioral Care treated Plaintiff for her condition. Plaintiff was treated with Sinequan and Serzone for her depression, anxiety and insomnia. (Tr. 7:15-21). Plaintiff alleges that she "didn't have . . . much improvement during that time," under the care of Dr. Hoffmeister. (Tr. 22:7-8). However, Plaintiff's medical records indicate that between January 1991 and December 1996, Dr. Hoffmeister reported Plaintiff as stable on medications, coping with the death of her parents and becoming more social. (Tr. 7:16-21).

## II. Standard of Review

### A. Review of Commissioner of Social Security Decision

The ALJ must make specific findings of fact to support his ultimate conclusions. Stewart v. Sec'y of Health, Educ. & Welfare, 714 F.2d 287, 290 (3d Cir. 1983). A reviewing court will uphold the Commissioner's factual decisions if they are supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). Substantial

4

evidence is "more than a mere scintilla . . . but may be less than a preponderance." Woody v. Sec'y of Health & Human Servs., 859 F.2d 1156, 1159 (3d Cir. 1988). It "does not mean a large or considerable amount of evidence, but rather such relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted). Not all evidence is considered "substantial." For instance,

> [a] single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence-particularly certain types of evidence (e.g. that offered by treating physicians)-or if it really constitutes not evidence but mere conclusion.

Wallace v. Sec'y of Health and Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983) (quoting Kent v. Schweiker, 710 F.2d 114 (3d Cir. 1983)).

Nonetheless, the "substantial evidence standard is a deferential standard of review." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). As such, it does not matter if this Court "acting *de novo* might have reached a different conclusion" than the Commissioner. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986)). "The district court . . . is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) (citing Early v. Heckler, 743 F. 2d 1002, 1007 (3d Cir. 1984)).

### B. MOTION TO REMAND

If the Commissioner's decision is not supported by substantial evidence, a court may remand the case for reconsideration. 42 U.S.C. § 405(g). In Melkonyan v. Sullivan, the Supreme Court discussed two types of remand pursuant to § 405(g), under sentence four or sentence six.

501 U.S. 89, 97 (1991). Under sentence four of § 405(g) "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id. In Schaefer, the court held that a sentence four remand requires the district court to enter a "final" judgment before the case is remanded. Shalala v. Schaefer, 509 U.S. 292, 297 (1993).

If the reviewing court finds remand appropriate under sentence six, the district court does not enter a judgment until after the "post remand agency proceedings have been completed and their results filed with the [district] court." Id. Sentence six provides:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary . . . but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded . . . modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision.

42 U.S.C. § 405(g). The Third Circuit held that a sentence six remand is applicable only in two instances: where either the Commissioner petitions for remand before filing an answer, or where there is new, material evidence available that was not presented in the previous proceedings for good cause. Kadelski v. Sullivan, 30 F.3d 399, 401 (3d Cir. 1994).

**III. DISCUSSION**

    **A. THE FIVE STEP PROCESS FOR DETERMINING DISABILITY**

A claimant's eligibility for benefits is governed by 42 U.S.C. § 1382. A claimant is considered disabled under the Social Security Act if he or she is unable to "engage in any

substantial gainful activity by reason of any medically determinable physical or metal impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). A claimant bears the burden of establishing their disability. Id. § 423(d)(5)(A). The Social Security Administration has established a five-step process for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a).

Step one requires the reviewing official to consider if the claimant is performing any work activity. If they are, they must assess if it is considered substantial, gainful activity. 20 C.F.R. § 404.1520(I). Substantial work activity is work that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). Gainful work activity is work normally done for profit, whether or not a profit is realized. 20 C.F.R. § 404.1572(b). If it is found that the claimant is performing substantial, gainful activity, then the claimant is not disabled. If it is not found that the claimant is performing substantial, gainful activity, then the ALJ proceeds on to step two. 20 C.F.R. §§ 404.1520(I), 404.1520(b).

Step two requires the reviewing official to determine if the claimant has a medical impairment that is severe or a combination of impairments that are severe. In order for an impairment, or a combination of impairments, to be severe, the impairment, or a combination of impairments, must significantly limit an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the individual is not determined to have a severe impairment or a severe combination of impairments, the individual is not disabled. If the individual is determined to have a severe impairment or a severe combination of impairments, then the analysis proceeds to step three. However, in determining whether an impairment is

severe, the ALJ, if choosing to disregard evidence, must provide an adequate explanation as to why it should be disregarded. See, e.g., Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

Step three requires the Commissioner to evaluate the claimant's impairment and determine if it equals or exceeds one of those specified in the Listing of Impairments in Appendix 1 of the regulations (hereinafter, "Listings"). Evaluation of Disability, 20 C.F.R. §§ 404.1520(d); 416.920 (2003). If the claimant's impairments are found to be equal or greater than one of the Listings, then the claimant's residual functioning capacity (hereinafter "RFC") must be determined and the analysis proceeds to step four. Id. Step four evaluates claimant's RFC and ability to perform past relevant work. 20 C.F.R. § 404.1520(iv) (2003). If it is determined that the claimant is prevented from doing past relevant work, then the analysis proceeds to step five. In step five, the Commissioner must evaluate the claimant's ability to perform any other work that is consistent with his or her medical impairments, age, education, past work experience, and RFC. Id.; and see, 20 C.F.R. § 416.920(g). If the claimant is found unable to perform other work, he or she will be found disabled. Id.

### B. DUTIES OF THE ALJ

At step two of the analysis under 20 C.F.R. § 404.1520(c), the ALJ must take into account all of the evidence, including Plaintiff's symptoms, to determine whether the "functionally limiting effects of an [claimant's] impairments" have an effect on their ability to perform "basic work activities." SSR 96-3p, 1996 SSR Lexis 4 (1996). The ALJ must give serious consideration to the claimant's subjective complaints, even when those assertions are not fully confirmed by objective medical evidence. See Mason v. Shalala, 994 F.2d 1058, 1067-68 (3d Cir.1993). The ALJ has a duty to analyze all of the relevant evidence in the record and

produce adequate explanations for accepting any portion of the record. Alexander v. Shalala, 927 F. Supp. 785, 792 (D.N.J. 1995) (citation omitted). In sum, the ALJ's "findings should be as comprehensive and analytical as feasible." Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir. 1974).

Under 20 C.F.R. §§ 404.1529 and 416.929(c), the ALJ must assess claimant's testimony of symptoms and their effect on the ability to do work. This requires an evaluation of the objective medical evidence and verification that claimant's symptoms reflect his or her medical impairments. Id. The ALJ must consider claimant's testimony together "with the rest of the relevant evidence in the case record." SSR 97-7p. Moreover, the ALJ's findings "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the ALJ gave to the individual's statements and the reasons for that weight." SSR 97-7p. "As fact finder, [the ALJ] has the right to reject their testimony entirely, but failure to indicate rejection could lead to a conclusion that he neglected to consider it at all." Baerga, 500 F.2d at 312. The Third Circuit has held that in the absence of a credibility determination, the reviewing court shall reverse the ALJ's opinion. Reversal is appropriate where the ALJ has failed to give substantial weight to claimant's subjective complaints, especially when the complaints were not substantiated by medical evidence. Mason v. Shalala, 994 F.2d 1058, 1068 (3d Cir. 1993).

Under the Social Security Rulings, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations . . . that may explain infrequent or irregular medical visits." SSR 96-7p. In Newell, the Third Circuit held that infrequent medical treatment is not a "substantial basis to reject that an impairment existed," and properly reversed

9

the lower court's denial of benefits. Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 547 (3d Cir. 2003) (citing Van Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996).

### C. ALJ DeSteno's Review of Troy's Medical Evidence
#### 1. The ALJ Failed to Consider the Evidence as a Whole

In this case, it is unclear whether ALJ DeSteno considered all of Plaintiff's evidence since there is no indication of whether he considered Plaintiff's testimony. While the ALJ's opinion included significant portions of Plaintiff's testimony, the extent to which he considered Plaintiff's testimony is unclear. The Opinion indicates that the ALJ based his conclusions on the medical evidence alone. The ALJ concluded that the medical evidence contained "spotty and general mental notes," which served as "minimal record evidence." (Op. at 5). Therefore, without mentioning a weighing or the weight of the credibility attributable to Plaintiff's testimony, this Court must find that ALJ DeSteno breached his duty to sufficiently analyze or explain his analysis of Plaintiff's case. In either case, the Court must infer that Plaintiff's testimony was not sufficiently considered.

In his opinion, ALJ DeSteno failed to include an explanation of his credibility determination as to whether any of Plaintiff's symptoms were supported by medical evidence. By not explaining his analysis of Plaintiff's testimony of her subjective complaints and the available medical records, ALJ DeSteno does not indicate whether he accepted or rejected Plaintiff's testimony, or determined whether her subjective testimony was credible. Due to the fact that ALJ DeSteno only summarized Plaintiff's testimony and did not supply his assessment of Plaintiff's testimony in his Opinion, this Court must find that ALJ DeSteno breached his duty to consider the record as a whole in determining disability.

**2. ALJ DESTENO'S REVIEW OF TROY'S MEDICAL EVIDENCE**

Here, ALJ DeSteno failed to make a proper claimant credibility determination because he did not weigh Plaintiff's testimony. In the Opinion, ALJ DeSteno presented portions of Plaintiff's testimony regarding her medical and work history. (Op. at 4). The ALJ included in his Opinion that "she was paranoid and hearing voices . . . her mother died in 1991 . . . there was no one to help her anymore after her mother died . . . [and] she then 'went over the edge' . . . " Id. However, the ALJ did not assess Plaintiff's testimony after including the relevant portions in his opinion. (See Op. at 4-5). Plaintiff's complaints of her being "alone and isolated in the house" and going "over the edge" is testimony that supports her complaints of depression, anxiety and paranoia. (Op. at 4). However, ALJ DeSteno made no indication as to whether or how he weighted Plaintiff's testimony in his Opinion, nor did he mention Plaintiff's testimony to support his conclusion to deny Plaintiff disability insurance.

ALJ DeSteno drew a negative inference from Plaintiff's limited medical records without considering Plaintiff's explanation for her infrequent medical visits. The ALJ stated "the medical evidence of record consists solely of some spotty and general mental treatment notes during the relevant period with extended time gaps." (Op. at 5). While the medical records may be "spotty and general," it is improper for the ALJ to categorize the evidence without considering Plaintiff's explanations. See Newell, 347 F.3d 541. It is apparent from the record that Plaintiff was unable to attend regular medical visits because she "had nobody to help her," whereas previously her mother was responsible to ensuring Plaintiff's regular medical treatment. (Tr. at 23:26-24:1). The record also shows that Plaintiff could not afford treatment. (Tr. at 21:24-22:3; Ex. 1F). The ALJ did not address Plaintiff's explanations in his Opinion.

### 3. THE DISTRICT COURT REMANDS UNDER SENTENCE 4 OF 42 U.S.C. § 405(G)

In order to cure the ALJ's failure to conduct a credibility determination, the district court reverses and remands the case for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g). ALJ DeSteno failed to make a credibility determination by not including statements about weighing Plaintiff's testimony. (See Op. at 4). Since it is unclear whether the ALJ weighed Plaintiff's testimony, the District Court must infer that ALJ DeSteno breached his duty to consider the evidence as a whole. Additionally, ALJ DeSteno drew improper inferences from Plaintiff's infrequent medical visits by failing to acknowledge Plaintiff's explanation given at the hearing. (Op. at 5; Tr. at 21:24-22:3; Ex. 1F). For those reasons, the Court must reverse ALJ DeSteno's opinion and remand for further proceedings pursuant to sentence four. See Mason v. Shalala, 994 F.2d at 1068.

On remand, the ALJ should actively consider all of the evidence, and weigh the credibility of Plaintiff's testimony when making a determination. The ALJ should ensure that his Opinion explains how he arrived at his findings of fact and conclusions and explicitly shares his analysis and reasoning based on the evidence presented in the record. SSR 97-7p.

### V. CONCLUSION

For the aforementioned reasons, the judgment of the ALJ is **reversed** and the case is **remanded** for further proceedings consistent with this opinion. An Order to this effect follows this Court's Opinion.

                                         S/ Dennis M. Cavanaugh
                                         Dennis M. Cavanaugh, U.S.D.J.

Dated:         March  28 , 2012
Orig.:          Clerk
cc:            All Counsel of Record